Samuel Yu, Esq. (SBN 251636)
KAHANA & FELD LLP
2603 Main Street, Suite 350
Irvine, CA 92614
Telephone (949) 812-4781
Facsimile (949) 245-7597
E-mail: syu@kahanafeld.com

Attorneys for Plaintiffs B-5, Inc. and
B & T Industries, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| B-5, INC., a Kansas corporation; and B & T INDUSTRIES, LLC, a Kansas limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ACCU-TAC, LLC, a California limited liability company; LUIS FELIPE SALAZAR, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 5:20-cv-532 <br><br> **COMPLAINT FOR:** <br><br> **(1) PATENT INFRINGEMENT OF U.S. PATENT NO. 8,904,693; AND** <br> **(2) PATENT INFRINGEMENT OF U.S. PATENT NO. 8,402,684** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiffs B-5, INC. ("B-5") and B & T, INDUSTRIES, LLC ("B&T") (collectively, "Plaintiffs"), hereby file this Complaint complaining of the conduct of Defendants ACCU-TAC, LLC, LUIS FELIPE SALAZAR, and DOES 1 through 50 (collectively, "Defendants").

## PRELIMINARY STATEMENT

1. Since 2010, when B&T introduced the ATLAS® bipod, it has become the industry standard for a lightweight, strong bipod that has found favor in civilian, law enforcement, and military riflemen around the world.

2. This is an action for patent infringement on two separate patents arising under the Patent Act of the United States, Title 35, United States Code.

## JURISDICTION AND VENUE

3. Federal question jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Personal jurisdiction over ACCU-TAC is proper in this Court because ACCU-TAC is a resident of the state of California, and specifically, ACCU-TAC has a place of business in this judicial district.

5. Personal Jurisdiction over Salazar is proper in this Court because Salazar resides in this judicial district.

6. Venue in this Court is proper under 28 U.S.C. § 1400(b) because ACCU-TAC is a California limited liability company that has its headquarters in this judicial district and because Salazar resides in the state of California in this judicial district.

## GENERAL ALLEGATIONS

7. Plaintiff B-5, INC. is a Kansas corporation having its principal place of business at 433 North Rock Island, Wichita, Kansas 67202.

8. Plaintiff B & T Industries, LLC is a Kansas limited liability company having its principal place of business at 433 North Rock Island, Wichita, Kansas 67202.

9. Defendant ACCU-TAC, LLC is a California limited liability company having its principal place of business in the County of San Bernardino and State of California at 10309 Regis Court, Rancho Cucamonga, California 91730.

10. Defendant Luis Felipe Salazar is an individual residing in the County of San Bernardino, State of California in Rancho Cucamonga, California. Upon information and belief, Salazar is the owner and President of ACCU-TAC, who directs and controls all operations of the company.

11. Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein.

12. Upon information and belief, each of the fictitiously named defendants, DOES 1 through 50, inclusive, is legally responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by those defendants, and/or that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were legally caused by such conduct.

13. Upon information and belief, Defendants in this action were and are the agents, authorized representatives, joint venturers, partners, and/or alter egos of one another, and in doing the acts alleged in this complaint, did so jointly and for a common purpose, within the course and scope of his, her or its authority as such agent, representative, joint venturer, partner, and/or alter ego, with the knowledge, consent, permission, and ratification of each other.

**FACTS COMMON TO ALL CAUSES OF ACTION**

14. Since 2010, when B&T introduced the ATLAS® bipod, it has become the industry standard for lightweight, strong bipod that has found favor in civilian, law enforcement, and military riflemen around the world.

15. B-5 is the owner, by recorded assignment, of U.S. Patent No. 8,904,693,

entitled "BIPOD FIREARM SUPPORT" ("the '693 patent"), which was issued by the U.S. Patent and Trademark Office on December 9, 2014. A true and correct copy of the '693 patent is attached hereto as Exhibit A and incorporated herein by reference.

16. Generally, the '693 patent discloses a firearm support bipod for supporting the forward part of a firearm that includes a clamp portion, a pivot body, and a pair of leg assemblies. The legs are independently adjustable and portions of the body pivot, permitting relative movement there between at least about a generally longitudinal axis, allowing the cant (i.e., tilt) of the firearm to be adjusted. Figure 3A of the '693 patent is reproduced below:



FIG. 3A

17. The '693 patent includes independent claim 1, among others, which recites:

> A bipod weapon support comprising: a connector having a first portion mountable to the weapon and a second portion on which each of two legs are attached on opposing sides thereof, respectively; the connector including a pivot support between the first and second portions permitting relative movement there between at least about a generally longitudinal axis; and,
>
> each leg is independently mounted to and movable on the opposing sides of the second portion by a leg mount assembly including a pivot connection that is biased in place, each of the opposing sides having a

plurality of recesses arranged there about, each leg mount assembly further including a corresponding structure that can mate with and be releasably secured within one of the plurality of recesses so that when the structure is moved relative to a biased condition the leg can be moved around the pivot connection and the corresponding structure can be positioned in one of the plurality of recesses so as to permit each leg to be independently stowable in a rearward manner adjacent the weapon, stowable in a forward manner adjacent the weapon, and adjustably locked in any one of a plurality of positions there between. *See* Exhibit A, col. 6, ll. 24-46.

18.  B-5 is the owner, by recorded assignment, of U.S. Patent No. 8,402,684, entitled "BIPOD FIREARM SUPPORT" ("the '684 patent"), which was issued by the U.S. Patent and Trademark Office on March 28, 2006. A true and correct copy of the '684 patent is attached hereto as Exhibit B and incorporated herein by reference.

19.  Generally, the '684 patent discloses a firearm support bipod for supporting the forward part of a firearm that includes a clamp portion, a pivot body, and a pair of leg assemblies. The legs are independently adjustable and portions of the body pivot, permitting movement along vertical and longitudinal axes, allowing both panning (i.e., side-to-side movement) and adjustment of cant (i.e., tilt). Figure 3A of the '684 patent is reproduced below:



FIG. 3A

20. The '684 patent includes, among others, independent claim 1, which recites:

> A bipod weapon support comprising: a connector having a first portion mountable to the weapon and a second portion on which each of two legs are attached on opposing sides thereof, respectively.
>
> the connector including a pivot support between the first and second portions permitting relative movement there between and along vertical and longitudinal axes; and,
>
> each leg is independently mounted to and movable on the opposing sides of the second portion by a leg mount assembly including a pivot connection that is biased in place, each of the opposing sides having a plurality of recesses arranged there about, each leg mount assembly further including a corresponding structure that can mate with and be releasably secured within one of the plurality of recesses so that when the structure is moved relative to a biased condition the leg can be moved around the pivot connection and the corresponding structure can be positioned in one of the plurality of recesses so as to permit each leg to be independently stowable in a rearward manner adjacent the weapon, stowable in a forward manner adjacent the weapon, and adjustably locked in any one of a plurality of positions there between.
> *See* Exhibit B, col. 6, ll. 22-45

21. B&T sells bipods implementing the technology covered by the '693 and '684 patents under the registered trademark ATLAS®.

22. B&T has licensed the '693 and '684 patents from B-5.

23. Upon information and belief, ACCU-TAC is, among other activities, engaged in the manufacture, use, sale, offer for sale and/or importation of bipods, including, for example, the BR-4 G2 Bolt Action Bipod ("BR-4 G2 Bipod") and the FC-G2 F-Class Bipod ("FC- G2 Bipod"), among other similar models.

24. Upon information and belief, the BR-4 G2 Bipod contains each and every element of at least claim 1 of the '693 patent, and, therefore, infringes at least one claim of the '693 patent.

25. Upon information and belief, the FC-G2 Bipod contains each and every element of at least claim 1 of the '684 patent, and, therefore, infringes at least one claim of the '684 patent.

26. ACCU-TAC and Salazar were contacted by letter dated March 22, 2016, putting it on actual notice of Plaintiffs' patent rights. *See* Exhibit C. This notice

1  included the '684 and '693 patents.

2  27. ACCU-TAC and Salazar were again contacted by letter dated March 14, 2019, alleging infringement of the '684 and '693 patents. *See* Exhibit D.

28. Upon information and belief, at Salazar's direction, ACCU-TAC has continued and continues to infringe the '684 and '693 patents.

## FIRST CAUSE OF ACTION

### Patent Infringement of U. S. Patent No. 8,904,693

### (Against All Defendants)

29. The allegations of the preceding paragraphs are incorporated by reference as though fully set forth herein.

30. This is a cause of action for direct patent infringement under 35 U.S.C. § 271(a).

31. Upon information and belief, ACCU-TAC, at the direction of Salazar, infringed, and is continuing to infringe, at least claim 1 of the '693 patent by its manufacture, use, offer for sale, sale, and/or importation into the United States of bipods, including, but not limited to, that referred to as the BR-4 G2 Bipod.

32. A comparison of photographic exemplars of the BR-4 G2 Bipod with the elements of claim 1 above demonstrates that the BR-4 G2 Bipod infringes at least claim 1 of the '693 patent. As can be seen in the images of the BR-4 G2 Bipod below, the BR-4 G2 Bipod is a bipod weapon support that includes a connector having a first portion mountable to the weapon and a second portion on which each of two legs are attached on opposing sides thereof, respectively, as shown below:

///
///
///
///
///
///



33. Marketing materials published by ACCU-TAC for the BR-4 G2 Bipod state: "Our quick detach rail mount is simple, quick, and very secure. The quick detach attaches to a 1913 Picatinny rail and mounts in seconds without the need to use extra tools for tightening" and "The BR-4 G2 has the ability to cant which can be locked with its new throw lever."

34. The connector of the BR-4 G2 Bipod includes a pivot support between the first and second portions that permits relative movement there between at least about a generally longitudinal axis, as illustrated below:



35. The BR-4 G2 Bipod has legs independently mounted to and movable on the opposing sides of the second portion by a leg mount assembly including a pivot connection that is biased in place.



36. Each of the opposing sides of the second portion has a plurality of recesses arranged there about. Each leg mount assembly further includes a corresponding structure that can mate with and be releasably secured within one of the plurality of recesses so that when the structure is moved relative to a biased condition the leg can be moved around the pivot connection and the corresponding structure can be positioned in one of the plurality of recesses so as to permit each leg to be independently stowable in a rearward manner adjacent the weapon, stowable in a forward manner adjacent the weapon, and adjustably locked in any one of a plurality of positions there between. As shown below:

///

///

///

///

///

///



37. Marketing materials published by ACCU-TAC for the BR-4 G2 Bipod state: "Our leg design allows the shooter to quickly adjust to 5 different positions with the advantage of being able to position each leg different positions with the advantage of being able to position each leg differently" and "To engage or adjust leg position, simply pull the leg downward to move each leg independently. Leg positions can be deployed in a 45- or 90-degree position either forwards or backwards, locking securely into 5 positions through a 180-degree arch [sic]."

38. Based on the foregoing, ACCU-TAC's past and/or continued manufacture, use, sale, offer for sale, and/or importation of the BR-4 G2 Bipod as it was known or should have been known by ACCU-TAC that making, using, selling, offering for sale, and/or importing constituted infringement, or highly likely constituted infringement, of at least claim 1 of the '693 patent.

39. Based on the foregoing, the acts of infringement complained of herein, i.e., infringement of at least claim 1 of the '693 patent, is being carried out willfully and with full knowledge by ACCU-TAC of the '693 patent.

40. Upon information and belief, Salazar directs the activities of ACCU-TAC, including to ignore warning from the Plaintiffs and to continue willful infringement of the '693 patent.

41. As a result of ACCU-TAC's infringement, directed by Salazar, Plaintiffs have suffered and continue to suffer substantial injury, including irreparable injury, that will result in further damages to Plaintiffs.

42. Upon information and belief, the irreparable injury resulting from ACCU-TAC and Salazar's acts of infringement will continue unless enjoined by the Court.

## SECOND CAUSE OF ACTION

## Patent Infringement of U.S. Patent No. 8,402,684

### (Against All Defendants)

43. The allegations of the preceding paragraphs are incorporated by reference as though fully set forth herein.

44. This is a cause of action for direct patent infringement under 35 U.S.C. § 271(a).

45. Upon information and belief, ACCU-TAC, at the direction of Salazar, infringed, and is continuing to infringe, at least claim 1 of the '684 patent by its manufacture, use, offer for sale, sale, and/or importation into the United States of bipods, including, but not limited to, those referred to as the ACCU-TAC FC-G2 F-Class Bipod ("FC-G2 Bipod").

46. A comparison of photographic exemplars of the FC-G2 Bipod with the elements of claim 1 above demonstrates that the FC-G2 Bipod infringes at least claim 1 of the '684 patent. As can be seen in the images of the FC-G2 Bipod below, the FC-G2 Bipod is a bipod weapon support. It includes a connector that has a first portion mountable to the weapon and a second portion on which each of two legs are attached on opposing sides thereof, as shown below:

///

///

///

///



47. The connector of the FC-G2 bipod includes a pivot support between the first and second portions that permits relative movement between the first and second portions and along vertical and longitudinal axes, as shown below:



48. Promotional materials published by ACCU-TAC for the FC-G2 Bipod state: "Our F-Class has the ability to pan, and cant." Panning is side-to-side movement along the vertical axis and canting is tilting movement along the longitudinal axis.

49. In the FC-G2 Bipod, each leg is independently mounted to and movable on the opposing sides of the second portion by a leg mount assembly, as shown below. On information and belief, the leg for the FC-G2 Bipod is identical in structure and function to the leg of the BR4-G2 Bipod.



50. Each leg mount assembly includes a pivot connection that is biased in place. Each of the opposing sides has a plurality of recesses arranged there about. Each leg mount assembly further includes a corresponding structure that can mate with and be releasably secured within one of the plurality of recesses so that, when the structure is moved relative to a biased condition, the leg can be moved around the pivot connection and the corresponding structure can be positioned in one of the plurality of recesses. This permits each leg to be independently stowable in a rearward manner adjacent the

weapon, stowable in a forward manner adjacent the weapon, and adjustably locked in any one of a plurality of positions there between.

51. Promotional materials for the FC-G2 Bipod state: "The leg design allows the shooter to quickly adjust to 5 different positions with the advantage of being able to position each leg differently" and "To engage or adjust leg position, simply pull the leg downward to move each leg independently. Leg positions can be deployed in a 45- or 90-degree position either forwards or backwards, locking securely into 5 positions through a 180-degree arch [sic]."

52. Based on the foregoing, ACCU-TAC's past and/or continued manufacture, use, sale, offer for sale, and/or importation of the FC-G2 Bipod as it was known or should have been known by ACCU-TAC that making, using, selling, offering for sale, and/or importing constituted infringement, or highly likely constituted infringement, of at least claim 1 of the '684 patent.

53. Based on the foregoing, the acts of infringement complained of herein, i.e., infringement of at least claim 1 of the '684 patent, is being carried out willfully and with full knowledge by ACCU-TAC of the '684 patent.

54. Upon information and belief, Salazar directs the activities of ACCU-TAC, including to ignore warning from the Plaintiffs and to continue willful infringement of the '684 patent.

55. As a result of ACCU-TAC's infringement, directed by Salazar, Plaintiffs have suffered and continue to suffer substantial injury, including irreparable injury, that will result in further damages to Plaintiffs.

56. Upon information and belief, the irreparable injury resulting from ACCU-TAC and Salazar's acts of infringement will continue unless enjoined by the Court.

///

///

///

# RELIEF REQUESTED

**WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:**

1. That the Court enter judgment that ACCU-TAC and Salazar jointly and severally infringe at least claim 1 of United States Patent No. 8,904,693 and at least claim 1 of United States Patent No. 8,402,684;

2. That the Court preliminarily and permanently enjoin ACCU-TAC and Salazar, their agents, sales representatives, servants and employees, associates, attorneys, parent companies, successors, and assigns, and any and all persons or entities acting at, through, under, or in active concert or participation with any or all of them, from infringing United States Letters Patent Nos. 8,904,693 and 8,402,684;

3. That the Court enter judgment requiring ACCU-TAC and Salazar to account for all infringing acts and to pay over to Plaintiffs any and all damages sustained by Plaintiffs due to their acts of infringement, and that the Court treble such damages pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein;

4. That the Court award Plaintiff all costs and prejudgment interest on all damages;

5. That the Court determine that this case is exceptional under 35 U.S.C. § 285 and award to Plaintiffs their reasonable attorney fees;

6. That the Court order ACCU-TAC and Salazar to file with the Court within 30 days after entry of final judgment a written statement under oath setting forth in detail the manner in which they have complied with the judgment; and

7. That the Court award Plaintiffs such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs pursuant to Rule 38, F.R.C.P., hereby demand a trial by jury of all issues so triable.

DATED: March 13, 2020

**KAHANA & FELD LLP**

By: _____
Samuel Yu, Esq.
Attorneys for Plaintiffs B-5, Inc. and B & T Industries, LLC